## WILLAMETTE UNIVERSITY v. STATE TAX COMMISSION

Roy Harland, Salem, argued the cause and filed a brief for plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, argued the cause and filed a brief for defendant.

Decision for plaintiff rendered November 22, 1965.

ROBERT H. FOLEY, Judge (Pro Tempore).

This matter came before the Court on the merits on July 29, 1965, plaintiff appearing by its Attorney, Mr. Roy C. Harland, and defendant appearing by its Attorney, Mr. Donald C. Seymour, at which time the case was submitted to the Court on the transcript of the State Tax Commission hearing. Counsel asked leave to file briefs and the last brief was received by

the Court September 8, 1965. The following are the facts:

## STATEMENT OF FACTS

The plaintiff is an institution entitled to the benefits of ORS 307.130. Plaintiff owns five parcels of real property upon which it applied for an exemption pursuant to ORS 307.170 which application was denied. On the assessment date of 1 January, 1963, parcels 1 through 4 were the site of the construction of buildings to be used for a parking lot for plaintiff's purposes, namely, student housing. Parcel 5 was to be used for a parking lot for plaintiff's purposes, and on the assessment date the buildings were 1/4 to 1/3 completed and Parcel 5 was being used for the parking of vehicles and storage of materials in connection with the construction of the housing units. The construction was completed on or about 1 June, 1963.

This comes before the Court upon the merits upon much the same question which was presented upon demurrer; namely, is the property in question being "actually and exclusively occupied or used in the * * * work carried on by * * *" Willamette University, except that for demurrer purposes the buildings were admitted to be substantially completed on the assessment date. By answer all of the allegations of plaintiff's complaint were admitted except these:

1) That the property in question was being actually or exclusively occupied or used by plaintiff for the purposes for which incorporated, and

2) That the construction was substantially completed.

Upon trial, where the transcript of testimony before the State Tax Commission was stipulated into the record, it appears as mentioned in the Statement of Facts, that construction was 1/4 to 1/3 completed on January 1, 1963.

248

## CONCLUSIONS OF LAW

■ Oregon is committed to the "strict but reasonable" construction of exemption laws. *Multnomah School of the Bible v. Multnomah County*, 218 Or 19, 36, 343 P 2d 893 (1959) (and cases there cited.)

"* * *, 'exclusively occupied or used,' as employed in ORS 307.130 as amended, refer(s) to the primary purpose for which the institution was organized and includes any property of the institution used exclusively for any facility which is incidental to and reasonably necessary for the accomplishment and fulfillment of the generally recognized functions of such a charitable institution."

■ The construction of housing units would appear to be a use reasonably necessary to the generally recognized functions of an institution such as plaintiffs. Although the defendant Tax Commission makes a persuasive argument and analogy to the California decisions, it is the opinion of the Court that the Oregon law is and ought to be that the construction of the buildings and the use of the parking lot in connection therewith amounted to an actual and exclusive use of the property on January 1, 1963, in the work carried on by Willamette University, within the meaning of ORS 307.130, which reads:

"307.130 *Property of literary, benevolent, charitable, and scientific institutions.* Upon compliance with ORS 307.170, the following property owned or being purchased by incorporated literary, benevolent, charitable and scientific institutions shall be exempt from taxation:

"(1) Except as provided in ORS 740.080, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the literary, benevolent, charitable or scientific work carried on by such institutions.

"(2) Parking lots maintained solely for the use, without charge, of persons going to and from the property exempted under subsection (1) of this section, but not if such lots are used for parking or other purposes not connected with the use and maintenance of such property."

IT IS THEREFORE HEREBY ORDERED that the order of the State Tax Commission denying the plaintiff's appeal is reversed and plaintiff is entitled to an exemption from taxation of the real property described in the amended complaint herein for the fiscal year July 1, 1963, to June 30, 1964.

IT IS FURTHER ORDERED that defendant State Tax Commission take appropriate action to effect the purposes of this decision.